OVERTON, J.
In In re Amendments to the Florida Family Law Rules, 713 So.2d 1 (Fla.1998), this Court recognized the many procedural problems inherent in having both the Family Court Steering Committee and the Florida Family Law Rules Committee of The Florida Bar working on the Florida Family Law Rules and Forms. We also recognized that the family law rules continue to be too complex in many areas. Accordingly, we directed the two committees to address the following areas: (1) the role each committee should play in the process of amending the rules and forms; (2) the possible removal of the forms from the rulemaking process; (3) continuing responsibility for the forms; and (4) the possibility of creating a bench book containing the family law judgment forms for judges in order to eliminate the need for including the judgments as part of the family law forms. The committees have now submitted comments on these issues. Additionally, in the steering committee’s comments, it asks that we adopt a rule modification for adoption cases along with a corresponding form regarding affidavits of diligent search and inquiry in adoption cases. We address each issue below.

Role of the Committees

First, we address whether both the steering and rules committees should be retained and, if so, how the overlapping duties of the committees should be divided to avoid duplication. Both committees agree that the two committees should be retained. They suggest that we specify the responsibilities of each committee, noting that the focus of the rules committee should be to consider rule proposals for the family law rules and the focus of the steering committee should be to support and assist the courts in developing and implementing the Family Courts Initiative and to fulfill the steering committee’s duties and responsibilities as defined by the Chief Justice’s administrative orders. The duties and responsibilities of the steering committee include: (a) making recommendations regarding family law litigation, model family courts (including self-help centers), and administrative policy and rules to advance recommended goals; (b) improving communication between the courts and other agencies; (c) addressing pro se litigant issues; and (d) funding recommendations. We agree with the committee’s suggestions. However, we emphasize that the rules committee must continue to work towards simplifying the family law rules. Many of the current rules appear to be designed for complex dissolution cases, and we believe that efforts should still be made towards simplifying the rules for the many cases that do not involve complex litigation.

Family Law Forms

Second, we address whether the Florida Family Law Forms should be removed from the rulemaking process, and if so, who should have the continuing responsibility for the forms. Both committees agree that the majority of the forms should be removed from the rulemaking process and that the steering committee should have responsibility for the forms that are removed from the rules. The committees state that sixteen forms need to stay with the rules and be under the direction of the rules committee. Those forms would be referred to as “rules forms.” They further recommend that the remaining Florida Family Law Forms be removed from the rules and be published separately as “Supreme Court Approved Forms.” It is these latter forms that would be the responsibility of the steering committee. In this way, the vast majority of the forms can be continually evaluated and updated by the steering committee, and these “Supreme Court Approved Forms” can be approved by this Court by opinion whenever necessary. We agree with this proposal.
Proposed Florida Family Law Rule 12.015 was submitted to accomplish this recommendation. However, many of the current family law rules make reference to various forms that will be removed from the rules and that will become part of the Supreme Court Approved Forms under the proposal we adopt today. Additionally, the remaining rules forms may need to be renumbered and, if so, the rules that refer to those forms will need to be changed accordingly. As such, those *1161 rules will have to be amended before we can implement proposed rule 12.015. Consequently, we decline to adopt proposed rule 12.015 at this time. Instead, we direct the rules committee to review all of the family law rules and to resubmit to this Court proposed rule 12.015 along with all of the family law rules that must be amended and all forms that must be renumbered to accomplish the purpose of removing the Supreme Court Approved Forms from the rules. We direct the steering committee to compile the forms to be removed from the rules forms and republished as Supreme Court Approved Forms and to submit those forms to this Court, together with any other proposed changes to those forms. These changes are to be accomplished within one year from the date of this opinion. After the changes are approved by this Court, the Supreme Court Approved Forms are to be published separately in book form by The Florida Bar. Additionally, this Court will continue to publish all such approved forms on the Internet for easy public access to the forms.

Bench Book for Judgment Forms

Third, we address whether a “bench book” should be developed that would contain judgment forms to be used by judges and eliminate those forms from the rule book. The steering committee recommends that no bench book be developed. According to the committee, the judgments in the forms now constitute a de facto bench book, and the removal of the judgments from the forms would restrict the ability of court personnel, particularly self-help personnel, to assist courts by providing self-represented litigants with form final judgments. Additionally, the committee notes that it has written the judgments in conjunction with the corresponding petitions, and, if a separate bench book were to be prepared, that parallel might be lost. In our Family Law Opinion, we stated that
we believe that the judgments should be deleted from the forms and be placed in a “bench book” for distribution to judges. Pro se litigants should not be required to provide judges with blank judgment forms. It may be that the Conference of Circuit Judges should appoint a select committee to develop appropriate forms for judicial orders and decrees in family law matters. 713 So.2d at 9. While we still have concerns regarding self-represented litigants having to prepare judgment forms, we understand the committee’s concern that the development of a separate judgment form bench book may eliminate the parallel structure between the current petitions and judgments. Accordingly, at this time we adopt the committee’s position and we decline to direct that a separate bench book be developed. Nevertheless, we suggest that the Family Law Section of the Florida Conference of Circuit Judges may still wish to consider this issue to determine the most appropriate method for providing trial judges with judgment forms.

Affidavit of Diligent Search and Inquiry in Adoption Cases

Finally, we address whether the rules should be changed to require the use of an affidavit of diligent search and inquiry in adoption cases. According to the steering committee, such an affidavit is currently used in dissolution of marriage proceedings when personal service cannot be obtained. The committee contends that this type of affidavit should be required in adoption proceedings when personal service cannot be obtained.
Currently, Florida Family Law Form 12.913(b), Affidavit of Diligent Search and Inquiry, is used in dissolution proceedings in conjunction with Form 12.913(a), Notice of Action for Dissolution of Marriage. The latter form is used for service by publication when a spouse cannot be located. Under section 49.011, Florida Statutes (1997), service by publication is allowed for both disso-lutions and adoptions when a spouse or parent cannot be located, and in both eases a diligent search and inquiry must be conducted. Further, section 63.062, Florida Statutes (1997), which specifies the persons required to consent to an adoption, specifically provides for a diligent search to find a parent. Accordingly, in either case, an affidavit of diligent search and inquiry affidavit may be required when personal service cannot be obtained.
Additionally, the committee asks that this affidavit be required under Florida Family Law Rule 12.080; however, that rule governs service of papers after the initial service of *1162 process. Rule 12.070 governs the initial service of process. Moreover, rule 12.070 makes no special provision for an affidavit of diligent search and inquiry in dissolution proceedings. Given that affidavits of diligent search and inquiry may already be required in both dissolution and adoption cases and given that the family law rules do not address these types of affidavits under the family law rule governing service, we decline to adopt this change until the committee provides additional support and explanation as to why this change should be made for adoption eases but not for dissolution cases. Further, should this rule change proposal be resubmitted, we direct the committee to provide us with an appropriately modified rule.
It is so ordered.
HARDING, C.J., and SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ„ concur.